IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES LOUIS,

    Plaintiff,

v.

STEVE UPTON, Warden; LISA J.
BOSEMAN, Medical Director;
Ms. HOLLOWAY, Medical Escort
Supervisor; Ms. FLEMMING;
Ms. DOTSON; Mr. PENN; JOHN
PAUL, Deputy Warden; JOHN DOE;
and JANE DOE,

    Defendants.

CIVIL ACTION NO.: CV610-060

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to

AO 72A
(Rev. 8/82)

liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Walker v. Dugger</u>, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff sets forth monetary damages claims against Defendants in their official capacities. A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. <u>Will v. Michigan Dep't of</u>

2

State Police, 491 U.S. 58, 71 (1989). Plaintiff's claims for monetary damages against Defendants in their official capacities should be dismissed.

In addition, Plaintiff seeks injunctive relief against Defendants. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff is no longer incarcerated at Georgia State Prison, and has failed to meet his burden of showing he is entitled to injunctive relief. Plaintiff's request for an injunction should be denied.

Finally, Plaintiff names "John Doe" and "Jane Doe" as Defendants. However, Plaintiff makes no allegations against these unknown individuals. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants John Doe and Jane Does, his claims against these Defendants should be dismissed. In the alternative, should Plaintiff wish to make factual allegations against Defendants John Doe and Jane Doe, he must inform the Court of the identities of these unknown individuals and make factual allegations against them.

3

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants in their official capacities and his claims against Defendants John Doe and Jane Doe be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's request for injunctive relief be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE