FILED
U.S. DISTRICT COURT
[ILLEGIBLE] DIV.
2011 MAR -9 PM 12:09
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES LOUIS,

  Plaintiff,

v.

CIVIL ACTION NO.: CV610-060

STEVE UPTON, Warden; LISA J.
BOSEMAN, Medical Director;
Ms. HOLLOWAY, Medical Escort
Supervisor; VICKI FLEMING;
TRELLIS DOTSON; DICKIE PENN;
and JOHN PAUL, Deputy Warden,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. Shirley Holloway ("Holloway") filed a Motion for Summary Judgment. (Doc. No. 39). For the following reasons, Holloway's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff filed the instant claim under 42 U.S.C. § 1983, complaining of three incidents of alleged deliberate indifference to his serious medical need. (Doc. No. 1). Plaintiff contends that on July 2, 2008, the dorm officer notified the prison medical department at 10:15 a.m., 11:50 a.m., 1:30 p.m. and 3:50 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 3:55 p.m., a resultant five (5) hour and forty (40) minute delay between first notification and escort to medical. (Id. at pp. 8-9).

AO 72A
(Rev. 8/82)

Plaintiff also contends that on July 16, 2008, the dorm officer notified the prison medical department at 6:30 a.m., 7:40 a.m., 11:00 a.m., and 1:15 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 1:35 p.m., a resultant seven (7) hour and five (5) minute delay between first notification and escort to medical. (Id.).

Plaintiff further contends that on July 22, 2008, the dorm officer notified the prison medical department at 11:20 a.m., 1:10 p.m., 2:50 p.m. and 5:50 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 6:40 p.m., a resultant seven (7) hour and twenty (20) minute delay between first notification and escort to medical. (Id.). Plaintiff filed an informal grievance as to each of the aforementioned delays in medical care which were all denied. (Id. pp. 5-6). Plaintiff subsequently filed formal grievances, all of which were also denied. (Id. at p. 6). Plaintiff then appealed the denial of his grievances to the Office of Health Services Clinical Staff. Plaintiff's appeals were upheld and he was notified that appropriate action would be taken. (Id.). Plaintiff filed the instant Complaint seeking an injunction and compensatory, nominal, and punitive damages.

Shirley Holloway states she has never been employed at Georgia State Prison and has never had any interaction with Plaintiff.

## STANDARD OF DETERMINATION

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, ___ F.3d ___, 2011 WL 310762, at *2 (11th Cir. Feb. 2, 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., ___ F.3d ___, 2011 WL 182819, at *5 (11th Cir. Jan. 21, 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff complains that an "Officer Holloway" failed to transport him to medical personnel. Defendant Holloway states she is not an officer at Georgia State Prison, but

is a Unit Manager employed at Wheeler Corrections Facility. Defendant Holloway has never met the Plaintiff. Plaintiff states he believes that the wrong individual was served. After receiving this information from Plaintiff and Defendant Holloway, this Court entered an order directing service upon Ms. Holloway, Medical Escort Officer at Georgia State Prison. (Doc. No. 50). As both parties agree that this Shirley Holloway is not a party in interest in this suit, her Motion should be **GRANTED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Shirley Holloway's Motion for Summary Judgment be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE