FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAR 10 AM 11:40
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES LOUIS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV610-060

STEVE UPTON, Warden; LISA J.
BOSEMAN, Medical Director;
Ms. HOLLOWAY, Medical Escort
Supervisor; VICKI FLEMING;
TRELLIS DOTSON; DICKIE PENN;
and JOHN PAUL, Deputy Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was housed at Georgia State Prison. Defendant Lisa Bozeman ("Bozeman") filed a Motion to Dismiss. (Doc. No. 38). Plaintiff filed a Response, and Bozeman filed a Reply in Support of her Motion to Dismiss. For the reasons which follow, Bozeman's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff filed the instant claim under 42 U.S.C. § 1983, complaining of three incidents of alleged deliberate indifference to his serious medical need. (Doc. No. 1). Plaintiff contends that on July 2, 2008, the dorm officer notified the prison medical department at 10:15 a.m., 11:50 a.m., 1:30 p.m. and 3:50 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 3:55

p.m., a resultant five (5) hour and forty (40) minute delay between first notification and escort to medical. (Id. at pp. 8-9).

Plaintiff also contends that on July 16, 2008, the dorm officer notified the prison medical department at 6:30 a.m., 7:40 a.m., 11:00 a.m., and 1:15 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 1:35 p.m., a resultant seven (7) hour and five (5) minute delay between first notification and escort to medical. (Id.).

Plaintiff further contends that on July 22, 2008, the dorm officer notified the prison medical department at 11:20 a.m., 1:10 p.m., 2:50 p.m. and 5:50 p.m. that Plaintiff was having difficulty breathing, but no one came to escort him to the medical department until 6:40 p.m., a resultant seven (7) hour and twenty (20) minute delay between first notification and escort to medical. (Id.). Plaintiff filed an informal grievance as to each of the aforementioned delays in medical care which were all denied. (Id. pp. 5-6). Plaintiff subsequently filed formal grievances, all of which were also denied. (Id. at p. 6). Plaintiff then appealed the denial of his grievances to the Office of Health Services Clinical Staff. Plaintiff's appeals were upheld and he was notified that appropriate action would be taken. (Id.). Plaintiff filed the instant Complaint seeking an injunction and compensatory, nominal, and punitive damages.

Defendant Bozeman contends that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to state a claim against her upon which relief may be granted; (3) Plaintiff does not allege sufficient injury to support his claims for compensatory and punitive damages; (4) Plaintiff's claim under the Americans With

Disabilities Act ("ADA") should be dismissed; and (5) Bozeman is entitled to qualified immunity.

## STANDARD OF DETERMINATION

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002).

## DISCUSSION AND CITATION OF AUTHORITY

For an inmate to state a valid Eighth Amendment claim for inadequate medical care, he must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference requires more than a finding of mere negligence. Id. The medical treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

"To show that a prison official acted with deliberate indifference to a serious medical need, a plaintiff must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). First, a plaintiff must set forth evidence of an objectively serious medical need that, left unattended, poses a substantial risk of serious harm. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). In establishing the second element, the prisoner must prove three facts: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Danley v. Allen, 540 F.3d 1298, 1312 (11th Cir. 2008). Accidental inadequacies, negligence in treatment or even medical malpractice do not amount to deliberate indifference. Taylor, 221 F.3d at 1258. When an inmate's claim is premised on a delay of treatment, a constitutional violation occurs only where "it is apparent that delay would detrimentally exacerbate the medical problem, the delay does

seriously exacerbate the medical problem, and the delay is medically unjustified." Id. at 1259-60 (internal quotations omitted).

Here, a review of Plaintiff's complaint reveals that he has not sufficiently alleged that Defendant Bozeman acted with deliberate indifference to a serious medical need. Plaintiff fails entirely to make any specific allegations against Bozeman other than to claim that she failed to prevent the alleged "negligence" of which she was allegedly aware. (Doc 1., p. 7). Plaintiff's complaint does not make the requisite allegation that Bozeman had specific knowledge of a risk of serious harm to Plaintiff, and disregarded that risk by conduct that was more than gross negligence. See Danley, 540 F.3d at 1312. Plaintiff's allegations against Defendant Bozeman show only that she was allegedly aware that Corrections Officers were not timely responding to Plaintiff's requests to be escorted to medical because he was having breathing difficulties. Plaintiff does not allege that Defendant Bozeman knew the extent of Plaintiff's breathing difficulties or had any specific knowledge regarding Plaintiff's condition. Plaintiff also does not allege that Defendant Bozeman was responsible for the alleged delay in escorting Plaintiff to medical, or that it was Defendant Bozeman's responsibility to determine whether or when Plaintiff should have been escorted to medical.

Most importantly, Plaintiff does not allege that he sustained an injury as a result of any of the alleged delays, nor does he allege that these delays exacerbated his condition. Plaintiff simply claims that he has a right to recover against Defendant Bozeman because he experienced "pain and suffering" and "mental and emotional distress and physical anxiety." (Doc. No. 1, p. 5). However, if Plaintiff suffered no harm or exacerbation of his condition as a result of the alleged delay, then he has failed to

AO 72A
(Rev. 8/82)

5

state a claim for deliberate indifference to a serious medical need. Accordingly, Plaintiff fails to state a claim against Defendant Bozeman based upon deliberate indifference to a serious medical need and his claims against her should be dismissed.

It is unnecessary to address Defendant Bozeman's remaining arguments.

## CONCLUSION

Based on the foregoing , it is my **RECOMMENDATION** that Defendant Bozeman's Motion to Dismiss be **GRANTED**. Plaintiff's claims against Lisa J. Bozeman should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE